IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EMBERY J. McBRIDE,

        Plaintiff

VS.

WILLIE C. RIVERS, *et al.*,

        Defendants

NO. 5:04-CV-26 (CWH)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

    Plaintiff EMBERY J. MCBRIDE is an inmate in the custody of the state of Georgia. He has sued defendants SERGEANT WILLIE C. RIVERS, OFFICER DEMUNDO, OFFICER JUDKINS[1], OFFICER SNIPES, and OFFICER FOX alleging that the defendants violated his constitutional rights while he was incarcerated at Dooly State Prison in Unadilla, Georgia. Plaintiff claims that the defendants subjected him to excessive force and failed to protect him from an inmate attack in violation of his Eighth Amendment rights.

    Specifically, plaintiff alleges that on March 6, 2003, defendants Demundo and Fox placed him in segregation for a disciplinary infraction that he had received. On his way to segregation, plaintiff claims that he asked not to be placed in a cell with anybody that he had any problems with. When plaintiff realized that he was going to be placed in a cell with inmate Holmes, he allegedly told defendants Demundo and Fox that the two of them had problems. The plaintiff claims that the defendants ignored his statements and forcibly placed him in the cell with Holmes. Immediately thereafter, plaintiff and Holmes began fighting. Defendants Demundo, Judkins, and Fox then entered the cell and broke up the fight. Plaintiff states that the defendants kneed him in the back and used other unnecessary force in breaking up the fight. As a result of this force, plaintiff suffered a scratch on his face, a bruised right cheek, and pain in his ribs, knees, and ankles.

    Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #38. The motion is supported by a brief, interrogatories, and deposition. The plaintiff has filed a response to the defendants' motion and the defendants have filed a surreply. *See* Tabs #46-48, 55, and 56. In entering this order, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

---

[1] In his complaint, plaintiff mistakenly names Officer Judkins as "Officer Jerkins." Tab #2.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION
### 1. Respondeat Superior

It is readily apparent to the undersigned that plaintiff is attempting to invoke liability against defendant Rivers based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff MCBRIDE fails to allege any causative link between defendant Rivers and the denial of his constitutional rights; that is, he is seeking to impose liability upon defendant Rivers because of his supervisory position at Dooly State Prison. Nor does the plaintiff contend that this defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claims against defendant Rivers solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendant Rivers is entitled to summary judgment.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

## 2. Failure To Protect

It is well settled that prison/jail officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury suffered by one prisoner at the hands of another gives rise to a constitutional violation by the prison officials responsible for the safety of the inmates. *Id*. at 834. In order to state a claim against a prison/jail official under the Eighth Amendment, two requirements must be met. First, the deprivation must be objectively "sufficiently serious." *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). For a claim based on the failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of harm. *Id*.

Secondly, the prison/jail official must have a sufficiently culpable state of mind; he/she must be deliberately indifferent to the inmates health or safety. *Id*. This element contains a subjective component: whether the defendant wantonly permitted the constitutionally infirm condition to persist. To be deliberately indifferent, a prison official must knowingly or recklessly disregard an inmate's basic needs so that knowledge can be inferred. A plaintiff must prove that the official possessed knowledge of the infirm condition and the means to cure that condition so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it. Thus, if an official attempts to remedy a constitutionally infirm condition, but fails in that endeavor, he cannot be deliberately indifferent unless he knows of, but disregards, an appropriate and sufficient alternative. *See LaMarca v. Turner*, 995 F.2d 1526 (11th Cir. 1993).

In the case at bar, plaintiff cannot show that inmate Holmes posed a substantial risk to his safety or that the defendants were deliberately indifferent to that risk. In his deposition, plaintiff admits that there had been no prior physical altercations between the two of them. Tab #43 at 24. He merely states that the two of them had one verbal altercation several weeks before the attack. *Id*. at 16-17. Further, the evidence contained in the record shows that plaintiff attacked Holmes first.

In the view of the undersigned, plaintiff's allegations that the defendants failed to protect his safety do not rise to the level of a constitutional violation. At the time of the incident, there was absolutely no indication that inmate Holmes posed a substantial risk to plaintiff's safety and that the defendants ignored that risk. Therefore, the defendants are entitled summary judgment on this claim.

### 3. Excessive Force

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[3]

The plaintiff and defendants have provided somewhat different accounts of the incident in question. The defendants admit to using force on plaintiff on March 6, 2003, in order to subdue him. However, they argue that said force was necessary because of plaintiff's aggressive behavior towards Holmes.

The plaintiff provides a slightly different account of the events that took place on March 6, 2003. He claims that he did nothing to warrant the defendants' use of force. Plaintiff states that on that date, he was taken to segregation and on the way there explained to the defendants that he did not want to be placed in a cell with anyone with whom he had problems for fear of his life. He states that he again voiced these concerns when he realized that he was going to be placed in a cell with Holmes. The defendants ignored plaintiff's request and a fight immediately ensued which the defendants had to break up with force. Plaintiff states that the defendants punched the back of his head, smashed his head into the concrete, kneed his face, and severely twisted his leg.

---

[3] Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

5

The Supreme Court has noted that prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve the internal order and discipline and to maintain institutional security. The Court has noted that this deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

While this deference does not insulate from review actions taken in bad faith and for no legitimate purpose, it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. *Whitley v. Albers*, 475 U.S. 312, 322 (1986). Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard described, the case should not go to the jury. *Id*.

In his response to the defendants' motion, plaintiff admits that he and Holmes engaged in an altercation. *See* Tab #47. It is obvious that the defendants use of force was in response to this resistance. In the undersigned's view, this is essentially a dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. In short, given the deference that is due jail officials, the evidence, viewed in the light most favorable to the plaintiff, does not support "a reliable inference of wantonness in the infliction of pain."[4] Therefore, the defendants are entitled to summary judgment on this claim.

Accordingly, IT IS ORDERED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #38) be **GRANTED**.

SO ORDERED, this 16th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] Although plaintiff did receive minor cuts and bruises as a result of the defendants use of force, said injury is *de minimis* as it occurred in an attempt to break up the fight between plaintiff and Holmes. There is no medical evidence that plaintiff sustained any other type of injury on March 6, 2003.